**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; TOSHIYUKI MIURA, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation; PAUL WATSON, an individual, <br><br> Defendants - Appellees. | No. 12-35266 <br><br> D.C. No. 2:11-cv-02043-RAJ <br><br> MEMORANDUM[*] |

On a Motion for Contempt

Argued and Submitted October 27, 2014
Pasadena, California

Before: KOZINSKI, TASHIMA, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Plaintiffs and the Defendants object to the Appellate Commissioner's Report and Recommendation recommending that the Defendants not be held in contempt. We address most of their arguments in an opinion filed separately. The Defendants briefly raise, but do not fully support, three additional arguments in their objections. We address these arguments here.

The Defendants cite *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357 (1997), and argue that our injunction's requirement that they remain 500 yards away from the Plaintiffs on the open sea violates the First Amendment. We reject this argument. As we recently held in *Shell Offshore, Inc. v. Greenpeace, Inc.*, "the high seas are not a public forum, and the lessons of *Schenck* have little applicability there." 709 F.3d 1281, 1291 (9th Cir. 2013). We therefore hold that the injunction did not violate the Defendants' rights under the First Amendment.

The Defendants also contend that our injunction was "issued sua sponte and without notice to any enjoined party, contravening the requirements of Federal Rule of Appellate Procedure 8 and basic notions of due process." We reject this argument as well. It is undisputed that all parties to the injunction received notice of it.

Lastly, the Defendants contend that our injunction "reaches purely extraterritorial conduct that does not violate specific and universal international-law norms, in violation of *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013)." *Kiobel* concerns the reach of the Alien Tort Statute, which provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. We construe the Defendants' argument, which is not adequately briefed, as a challenge to the district court's jurisdiction to hear the Plaintiffs' claims. We also reject this argument. The Plaintiffs' piracy claims fall within the ambit of the Alien Tort Statute because piracy is a violation of the law of nations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 720 (2004) (noting that Congress "may well" have had actions arising out of piracy in mind when it enacted the Alien Tort Statute); *United States v. Smith*, 18 U.S. 153, 161 (1820) ("The common law, too, recognises and punishes piracy as an offence, not against its own municipal code, but as an offence against the law of nations, (which is part of the common law,) as an offence against the universal law of society, a pirate being deemed an enemy of the human race.").